WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Babino,<br><br>    Plaintiff,<br><br>v.<br><br>United States Postal Service,<br><br>    Defendant. | No. CV-20-01387-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 13) in response to Plaintiff's Amended Complaint. (Doc. 9). Plaintiff responded (Doc. 20), and Defendant replied. (Doc. 21). The Court has considered the pleadings and will dismiss Plaintiff's Amended Complaint with leave to amend.

**I.   BACKGROUND**

Pro se Plaintiff initiated the present action in Maricopa County Superior Court on June 3, 2020 after disputes arose regarding delivery of her mail. (Doc. 1 at 2). Defendant, the United States Postal Service (USPS), removed this case to federal court by way of 28 U.S.C. § 1446(a) on July 31, 2020. (Doc. 1 at 1). In her Amended Complaint, Plaintiff claims that the USPS engaged in racial discrimination against her when it allegedly discontinued mail delivery to her school and restaurant without notice, warning, or reasoning. (Doc. 9 at 1). Plaintiff cites federal and state statutes governing unlawful employment practices—42 U.S.C. § 2000e-2(a)(1)-(2), A.R.S. §§ 41-1401 to -1493.02, and A.R.S. § 41-1463(B)(1)-(3) respectively— as her jurisdictional bases for federal

question jurisdiction under 28 U.S.C. § 1331. (*Id.*) Plaintiff seeks damages for "unwarranted racial discrimination" and "mental anguish which led to depression and decline in the Plaintiff's marriage." (*Id.*) It should be noted, however, that Plaintiff was not an employee of the USPS so this cannot be a case based on employment causes of action.

Defendant asks this Court to dismiss Plaintiff's claim for several reasons. Defendant argues dismissal is appropriate for lack of subject matter jurisdiction, insufficient process, and failure to state a claim upon which relief can be granted pursuant to the Federal Rules of Civil Procedure (FRCP) 12(b)(1), (4), and (6) respectively. In addition, Defendant argues Plaintiff failed to seek redress through the relevant administrative process as required by the Federal Torts Claims Act (FTCA) or the Postal Accountability and Enhancement Act (PAEA).

The Court agrees that dismissal is proper in this case. Because it is unclear whether Plaintiff is asserting a tort claim, the Court declines to assess Defendant's FTCA arguments. Similarly, the Court will not address whether Plaintiff satisfied the correct administrative remedy under the PAEA because it is unclear whether she is alleging a claim governed by the PAEA. However, dismissal is proper because Plaintiff's Amended Complaint fails to state a claim. The Court also notes Plaintiff neither named the correct party nor served the Defendant in the correct manner.

## II. STANDARD OF REVIEW and ANALYSIS

### A. Plaintiff Failed to State a Claim

A plaintiff will survive a motion to dismiss under Rule 12(b)(6) if their complaint satisfies the requirements set forth in Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint sets forth a cognizable legal theory if the alleged facts give rise to a clam that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678. Such plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting. *Twombly*, 550 U.S. at 556.) While detailed factual allegations are not necessary, a plaintiff cannot rely on labels, conclusions, or a "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555.

Generally, courts are confined to the pleadings when assessing whether dismissal is appropriate. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Courts may not consider evidence outside the pleadings to determine whether a plaintiff can survive the 12(b)(6) motion. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Still, courts must construe the pleadings in a light most favorable to the moving party and take the factual allegations as true. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Moreover, where the plaintiff is pro se, courts should liberally construe the pro se plaintiff's pleadings. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). As such, courts need not dismiss claims where the plaintiff sets forth factual allegations to support a cognizable legal claim, even if she cites the incorrect legal theory. *Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1991), amended (May 8, 1992) (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 336–37 (1990)).

Here, Plaintiff cannot survive the 12(b)(6) motion to dismiss because she does not allege more than legal conclusions in her Amended Complaint. The statement "Plaintiff is an African American female being racially discriminated against by the Superior, AZ postal service" is merely conclusory. (Doc. 9 at 1.) Even deferring to the liberal standard for pro se plaintiffs, the Amended Complaint is devoid of facts to support a cognizable legal theory. The only facts Plaintiff provides is that her mail was discontinued "without any letter, reason, or explanation as to why." (*Id.*) Without more, such intermittent mail delivery does not support a plausible claim of racial discrimination. The Court reiterates it is confined to those facts within Plaintiff's pleadings. If Plaintiff possesses more facts

worthy of facial plausibility, they are not present in the Amended Complaint. As such, dismissal is proper because plaintiff failed to state a claim upon which relief can be granted.

### B. Plaintiff Did Not Effectuate Proper Service

The Court also recognizes Plaintiff failed to serve the correct party in the proper manner. The USPS's right to sue and be sued is delineated in the Postal Reorganization Act (PRA). 39 U.S.C. §§ 401(1), 409. The PRA's governing regulations specify that the "General Counsel of the Postal Service shall act as agent for the receipt of legal process against the Postal Service[.]" 39 C.F.R. § 2.2. Section 409(b) also states the

> provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties.

39 U.S.C. § 409. Therefore, the Federal Rules of Civil Procedure governs suits against the USPS. *See Hinton v. U.S. Postal Serv.*, 68 F.3d 474 (6th Cir. 1995). As such, a plaintiff seeking redress from the USPS must serve the General Counsel of the Postal Service and send a copy of the complaint by registered or certified mail within 90 days. *See* Fed. R. Civ. P. 4(i)(2), 4(m).

Here, the sole named defendant in the present action is the USPS. Plaintiff mailed her complaint to the local postmaster. Neither course of action is sufficient process. Plaintiff must comply with the regulations governing the Postal Reorganization Act and the Federal Rules of Civil Procedure should she seek relief in federal court. If in the alternative Plaintiff pursues a case in Arizona state court, Defendant correctly notes Plaintiff must comply with Rule 4.1(h) of the Arizona Rules of Civil Procedure.

### III. LEAVE TO AMEND

In accordance with the well-settled law in this Circuit, however, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by

amendment," the Court will give him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

Plaintiff's complaint must be amended to address the deficiencies identified above. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

### IV. WARNING

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### V. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 13) and dismissing Plaintiff's Amended Complaint (Doc. 9) with leave to amend.

**IT IS FURTHER ORDERED** granting Plaintiff leave to file an amended complaint within 30 days of the date this order is entered.

Dated this 8th day of March, 2021.

Honorable Susan M. Brnovich
United States District Judge